IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERESA HOLIFIELD, individually and as representative of
the wrongful death beneficiaries of Larry Holifield, Deceased                    PLAINTIFF

VERSUS                                                    NO.  3:21-cv-259-HTW-LGI

MITSUBISHI CATERPILLAR FORKLIFT AMERICA, INC.
and MITSUBISHI HEAVY INDUSTRIES AMERICA, INC.                          DEFENDANTSS

**COMPLAINT**
*Jury Trial Demanded*

COMES NOW the Plaintiff, Teresa Holifield, individually and as representative of the wrongful death beneficiaries of Larry Holifield, Deceased, by and through her attorneys at Crowell, Gillis & Cooper, PLLC, and files this Complaint for damages against the Defendants MITSUBISHI CATERPILLAR FORKLIFT AMERICA, INC. and MITSUBISHI HEAVY INDUSTRIES AMERICA, INC. (collectively "Defendants"), and in support thereof, avers as follows:

1. Plaintiff Teresa Holifield, individually and as representative of the wrongful death beneficiaries of Larry Holifield, Deceased ("Plaintiff"), is an adult citizen and resident of Clarke County, Mississippi, residing at 718 CR 360, Enterprise, Clarke County, Mississippi.

2. Plaintiff's Decedent, Larry Holifield ("Decedent" or "Mr. Holifield"), was at all times material hereto married to Plaintiff and resided with her in Clarke County, Mississippi, at 718 CR 360, Enterpise, Clarke County, Mississippi.

3. Defendant Mitsubishi Caterpillar Forklift America, Inc. ("Mitsubishi"), a subsidiary of Mitsubishi Heavy Industries America, Inc., is a foreign corporation licensed to do

business in Texas and may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas.

4. Defendants Mitsubishi Heavy Industries America, Inc. ("Heavy") is a Delaware corporation and may be served through its registered agent, The Corporation Trust Company, at 1209 Orange St., Wilmington, Delaware.

## JURISDICTION AND VENUE

5. This civil action arises out of the Defendants' strict liability for placement of a defective product into the stream of commerce in Mississippi, and negligent acts and omissions of committed in the State of Mississippi against a resident of the State of Mississippi.

6. The Court has *in personam* jurisdiction over Defendants pursuant to 28 U.S.C. §1332 and 1441, based on diversity of citizenship and the amount in controversy.

7. Venue is proper in the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §1391 since a substantial part of the events or omissions giving rise to the claim is believed to have occurred at in Meridian, Lauderdale County, Mississippi.

## FACTS

8. On or about April 17, 2018, while working at Clearspan Components located at 6110 Old Highway West, Meridian, Mississippi 39304, Larry Holifield was killed while changing a hydraulic cylinder on a forklift manufactured by Mitsubishi.

9. While working on the forklift, the forks fell rapidly from their elevated position striking Mr. Holifield in the back of his head and breaking his neck.

10. At the time of his death, he had been married to Plaintiff since October 27, 1979, and the couple had two boys, Larry A. Holifield, Jr., born February 29, 1980, and Christopher L. Holifield, born February 14, 1988.

11. Plaintiff is authorized to bring this suit on behalf of the wrongful death beneficiaries pursuant to Mississippi's Wrongful Death Statute found at Miss. Code Ann. §11-7-13.

12. At the time of the accident, the forklift should have been equipped with a mechanical device and/or safety system that would prevent the forklift's vertical mast from descending at a rapid/excessive rate of speed in the event of a hydraulic control circuit failure.

13. The ANSI/ITSDF B56.1 Safety Standards for Low Lift and High Lift Trucks specifically provides in Section 7.25.8 that vertical masts shall be provided with a means to prevent the load from lowering at a rate in excess of 0.6 m/s in case of a failure in the load supporting hydraulic control circuits.

14. The forklift in question was defective and unreasonably dangerous in its design and manufacture in a material way from its design and/or manufacturing specifications or from otherwise identical units manufactured to the same manufacturing specifications; or it was defective because it failed to contain adequate warnings on instructions; or it was designed in a defective manner; or because the product breached an express warranty or failed to conform to other express factual representations upon which the Decedent justifiably relied in electing to use the product.

15. The defects and unreasonably dangerous conditions of the forklift could have been eliminated without substantially compromising its usefulness or desirability.

16. At the time the forklift left Defendants' control, Defendants knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the defective and unreasonably dangerous conditions of the forklift, and that ordinary users or consumers, such as Decedent, would not realize the dangerous conditions.

17. At the time the forklift left Defendants' control, the product failed to function as expected and there existed feasible alternative designs that would have, to a reasonable degree of probability, prevented the harm, injuries, and damages suffered by Decedent. The feasible alternative designs would not have impaired the utility, usefulness, practicality, or desirability of the products to users and consumers, such as Decedent.

18. The forklift, which was designed, manufactured, tested, marketed, advertised, promoted, installed, distributed, supplied, sold, serviced, repaired, maintained, and/or placed into the stream of commerce by Defendants, was also in a defective condition because it failed to contain adequate instructions and warnings regarding safe use and operation. The lack of and/or defective condition of the instructions and warnings rendered the Product unreasonably dangerous to users and consumers, such as Decedent.

19. As a direct and proximate result of the defective and unreasonably dangerous conditions of the forklift, Defendants are strictly liable for the injuries and damages caused by this defective product pursuant to Miss. Code Ann. §11-1-63.

20. The forklift, which was designed, manufactured, tested, marketed, advertised, promoted, installed, distributed, supplied, sold, serviced, repaired, maintained, and/or placed into the stream of commerce by Defendants, was unfit and unsafe for both its normal intended use as well as its particular purpose, was not merchantable, and as such, Defendants breached the express and/or implied warranties which accompanied the Product. Decedent justifiably relied on such express and implied warranties when electing to use the forklift.

21. Defendants owed a duty to the world at large, and specifically to Decedent, to exercise reasonable care in the design, manufacture, testing, marketing, advertising, promotion, installation, distribution, supply, sale, service, repair, maintenance, and/or placement into the

stream of commerce by Defendants of the forklift, to ensure the safety and protection of users and consumers, including Decedent. Defendants breached their duties, and negligently designed, manufactured, tested, marketed, advertised, promoted, installed, distributed, supplied, sold, serviced, repaired, and/or maintained the grinder in a defective and unreasonably dangerous condition, which created unreasonable risks of harm to users and consumers, such as Decedent.

22. As a direct and proximate result of Defendants' strict liability, breach of warranties, and negligence, the Decedent suffered traumatic and catastrophic injuries and was killed.

23. As a direct and proximate result of Defendants' strict liability, breach of warranties, and negligence, the Decedent suffered significant physical pain and suffering, agony, personal anguish, emotional distress, fear of impending death, conscious pain and suffering, and loss of life's pleasures, enjoyment, pursuits, and activities.

24. As a direct and proximate result of Defendants' strict liability, breach of warranties, and negligence, the Decedent suffered a loss of future earnings, loss of earning capacity, and other pecuniary, economic and/or financial losses.

25. As a direct and proximate result of Defendants' strict liability, breach of warranties, and negligence, the Plaintiff incurred funeral and estate administration expenses.

26. As a direct and proximate result of Defendants' strict liability, breach of warranties, and negligence, the Plaintiff has been deprived of the economic value of Decedent's life expectancy.

27. As a direct and proximate result of Defendants' strict liability, breach of warranties, and negligence, the Plaintiff suffered emotional losses including but not limited to loss of society, companionship and consortium.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants in an amount in excess of $1,000,000.00, together with interest, costs and all other relief as this Honorable Court deems just and appropriate. Plaintiff demands a trial by jury.

Respectfully submitted,

_William T. Cooper_
William T. Cooper, MBN 9588
Attorney for Plaintiff

OF COUNSEL:

Crowell Gillis & Cooper, PLLC
PO Box 1827
Columbus, MS 39703
(662) 243-7334
(662) 328-6890 (fax)
wcooper@cgclawpllc.com

James D. Golkow
Dan Hessel
Joseph Riches
Golkow Hessel Attorneys
1628 Pine Street
Philadelphia PA 19103
(215) 988-9400